1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

| | |
|---|---|
| ESTER BURNETT,<br><br>                              Petitioner,<br><br>          v.<br><br>JAMES YATES, Warden,<br><br>                              Respondent. | Civil No.    09cv2681-MMA (AJB)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

17

18

19

20

21

22

23

24

25

26

27

28

     Petitioner Ester Burnett (hereinafter "Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary decision of the California Department of Corrections and Rehabilitation ("CDCR").  Respondent filed an answer on July 23, 2010.  Petitioner filed a traverse on September 1, 2010.  Upon a complete review of the record and careful consideration of the arguments presented, the Court **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED.**

## Background

     On April 12, 2008, Petitioner received a Rules Violation Report ("RVR") charging him with indecent exposure without masturbation.  (Notice of Lodgment ("Lodgment") 1 at 42.)  On May 2, 2008, a prison disciplinary hearing was held and Petitioner was found guilty of indecent exposure in

1   violation of California Code of Regulations, title 15, section 3007 and was assessed 90 days of

2   forfeiture credit.  (Id. at 42-46.)  Petitioner filed an administrative appeal challenging the Rules

3   Violation Report.  (Id. at 32-33.)  His claims were denied at the final level of review on December

4   19, 2008.  (Id.)

5          On January 21, 2009, Petitioner filed a petition for writ of habeas corpus in the Imperial

6   County Superior Court.  (Lodgment 1.)  On April 14, 2009, the Superior Court denied his petition

7   for writ of habeas corpus.  (Lodgment 2.)  On May 8, 2009, Petitioner filed a petition for writ of

8   habeas corpus in the Court of Appeal, Fourth Appellate District, Division One.  (Lodgment 3.)  The

9   Court of Appeal denied the petition on June 16, 2009.  (Lodgment 4.)  On August 4, 2009, Petitioner

10  filed a petition for writ of habeas corpus in the California Supreme Court.  (Lodgment 5.)  On

11  September 23, 2009, the California Supreme Court denied his petition for writ of habeas corpus

12  without comment or citation.  (Lodgment 6.)

13         On November 20, 2009, Petitioner filed a petition for writ of habeas corpus in this Court.

14  Respondent filed an answer on July 23, 2010.  Petitioner filed a traverse on September 1, 2010.

15                                        **Factual Background**

16         According to the RVR, on April 12, 2008, around 1530 hours, Correctional Sergeant Rico

17  was monitoring the yard when he was informed that Petitioner was refusing to leave the yard

18  misters.  (Lodgment 1 at 42.)  Petitioner had been showering for about 15 minutes while the

19  observation officer had given Petitioner repeated orders to leave using the public address system.

20  (Id.)  Consequently, yard officers and Correctional Sergeant Rico approached Petitioner and

21  explained that the shower misters were not designed for showers and ordered him to leave.  (Id.)

22  Petitioner became verbally disrespectful while grabbing a bar of soap and lathering his body.  He

23  made statements such as "all you are nothing but faggots!"  (Id.)  Petitioner was given several

24  additional orders to leave.  (Id.)  Then Petitioner "stepped out of the mister area and removed his

25  boxer shorts (intentionally indecently exposing himself to me thereby creating a sexually hostile

26  work environment) thus displaying his semi erect, approximately two inch penis."  (Id.)  Petitioner

27  then stated, "I am only leaving because I am done showering; tomorrow none of you faggots will

28

1  make me stop showering."  (Id.)  He complied with orders to get dressed by putting on another pair

2  of dry boxer shorts and walked away.  (Id.)

3                                                    **Discussion**

4          In his petition, Petitioner argues that he was denied "any meaningful written disposition of

5  the guilty finding and the specific evidence relied upon to reach a guilty conclusion."  (Am. Pet. at

6  5.)  Second he argues that he was denied the right to call witnesses.  (Id. at 8.)  Third, he contends

7  that he was never given notice that showering was prohibited on the yard and that he should not be

8  punished for a rule that he did not know about.  (Id. at 10.)

9  **A.      Scope of Review**

10         The Court may entertain a writ of habeas corpus "in behalf of a person in custody pursuant to

11 the judgment of a State court only on the ground that he is in custody in violation of the Constitution

12 or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A writ of habeas corpus is the sole

13 remedy when a prisoner challenges the fact or duration of confinement, and seeks immediate or

14 speedier release from that confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); Wolff v.

15 McDonnell, 418 U.S. 539, 554 (1974).

16         28 U.S.C. § 2254(a) provides:

17             The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
               entertain an application for a writ of habeas corpus in behalf of a person in
18             custody pursuant to the judgment of a State court only on the ground that he is in
               custody in violation of the Constitution or laws or treaties of the United States.
19

20 28 U.S.C. § 2254(a).  As amended, the Antiterrorism and Effective Death Penalty Act of 1996

21 ("AEDPA") now reads:

22             (d) An application for a writ of habeas corpus on behalf of a person in custody
               pursuant to the judgment of a State court shall not be granted with respect to any
23             claim that was adjudicated on the merits in State court proceedings unless the
               adjudication of the claim--
24             (1) resulted in a decision that was contrary to, or involved an unreasonable
               application of, clearly established Federal law, as determined by the Supreme Court
25             of the United States; or
               (2) resulted in a decision that was based on an unreasonable determination of the
26             facts in light of the evidence presented in State court proceeding.

27
28 U.S.C. § 2254(d) (emphasis added).
28

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 403 (2000).  The threshold question is whether the rule of law was clearly established at the time petitioner's state court conviction became final.  Id. at 406. Clearly established federal law, as determined by the Supreme Court of the United States "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 71 (2003).  However, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).  Only after the clearly established Federal law is identified can the court determine whether the state court's application of that law "resulted in a decision that was contrary to, or involved an unreasonable application of" that clearly established Federal law. See Lockyer, 538 U.S. at 71-72.

A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams, 529 U.S. at 405-406.  "A state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.  Under Williams, an application of federal law is unreasonable only if it is "objectively unreasonable." Id. at 409. Further, a state court's decision results in a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding" if it "is so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997) (citations omitted).

In making such a determination under AEDPA, the court looks to the state's last reasoned decision.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where there is no reasoned decision

1   from the state's highest court, the Court "looks through" to the underlying appellate court decision.

2   Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  A state court need not cite Supreme Court

3   precedent when resolving a habeas corpus claim.  Early v. Packer, 537 U.S. 3, 8 (2002).  "[S]o long

4   as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court

5   precedent,]" id., the state court decision will not be "contrary to" clearly established federal law.

6          When a federal habeas court is faced with reviewing a state court denial for which there is no

7   reasoned decision, however, the deferential standard under § 2254(d) cannot be applied because

8   there is "nothing to which we can defer."  Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002).

9   Under such circumstances, "[f]ederal habeas review is not de novo . . . but an independent review of

10  the record is required to determine whether the state court clearly erred in its application of

11  controlling federal law."  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

12  **B.      Due Process Rights**

13         Petitioner argues that his due process rights were violated because he did not receive a

14  written finding with the specific evidence relied upon.[1]  Respondent contends that Petitioner was

15  provided with a final adjudication report.

16         The clearly established federal law governing what process is due in claims challenging

17  prison disciplinary actions is set forth in Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S.

18  445 (1985).  When a prison disciplinary proceeding may result in the inmate's loss of good time

19  credits, due process requires that the inmate receive: "(1) advance written notice of the disciplinary

20  charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call

21  witnesses and present documentary evidence in his defense; and (3) a written statement by the

22  factfinder of the evidence relied on and the reasons for the disciplinary action."  Id. at 454 (citing

23  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)).  The Court held that the "requirements of due

24

---

25         [1]  Petitioner also argues that prison officials failed to comply with California Penal Code section 2932(c)(5) which
requires that a prisoner may be found guilty at a disciplinary hearing based on a preponderance of the evidence.  See Cal.
26  Penal Code § 2932(c)(5).  To the extent Petitioner alleges violations of California law, Petitioner's claim is not cognizable
on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) (mere error in the application of state law does not
27  warrant federal habeas relief).  Even if Petitioner's claim was cognizable on habeas review, his claim fails.  First, the Board
determined that the finding was based on a preponderance of the evidence. (Lodgment 1 at 44.) In addition, California courts
28  have held that a court challenge to evidence supporting a prison disciplinary action is reviewed under the "some evidence"
standard presented in Hill.  In re Powell, 45 Cal. 3d 894, 903-04 (1988); In re Rothwell, 164 Cal. App. 4th 160, 167 (2008).

1  process are satisfied if some evidence supports the decision by the prison disciplinary board to

2  revoke good time credits."  Id. at 455.  The Court further emphasized that "[a]scertaining whether

3  this standard is satisfied dos not require examination of the entire record, independent assessment of

4  the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether

5  there is any evidence in the record that could support the conclusion reached by the disciplinary

6  board."  Id. at 455-56.   In Hill, the evidence was characterized as meager and there was no direct

7  evidence identifying any of respondents as the assailant but there was "some evidence" in the record

8  to support the board's decision.  Id. at 457.

9        Though this standard is "minimally stringent," "there must be some indicia of reliability of

10 the information that forms the basis for prison disciplinary actions."  Cato v. Rushen, 824 F.2d 703,

11 705 (9th Cir. 1987).  If the record is "so devoid of evidence that the findings of the disciplinary

12 board were without support or otherwise arbitrary," a due process violation has occurred.  Hill, 472

13 U.S. at 457.

14       The California Supreme Court denied the petition for writ of habeas corpus without citation

15 or comment.  (Lodgment 6.)  Therefore, the Court "looks through" to the underlying appellate court

16 decision.  See Ylst, 501 U.S. at 801-06.  The court of appeal held that although delayed, Petitioner

17 received the final adjudication report and denied his claim.  (Lodgment 4.)

18       Here, Petitioner was given a copy of the findings and disposition of the CDCR as indicated

19 on the form itself.  (Lodgment 1 at 42-46.)  Petitioner also attached the written findings and

20 disposition of the hearing in his state court petitions.  (See Lodgment 3, Ex. A at 11-15; Lodgment 5,

21 Ex. A at 11-15.)  Petitioner received a copy of the written findings which contains the evidence

22 relied upon by the Board to make its decision.  Therefore, Petitioner's argument that he did not

23 receive a copy of the decision with its reasoning has no merit and the state court's decision was not

24 contrary to, and did not involve an unreasonable application of, clearly established federal law, as

25 determined by the Supreme Court.  See 28 U.S.C. § 2254.  The Court RECOMMENDS that the

26 claim that he did not receive a written statement of the evidence relied on and the reasons for the

27 disciplinary action be DENIED.

28 **C.      Right to Call Witnesses**

1    Petitioner argues that he was denied the right to call witnesses.  Specifically, Petitioner

2  claims that he requested three inmate witnesses: Carter, Washington and Bennett.  He contends his

3  witnesses were denied with no written reason and at the hearing, he repeatedly and adamantly

4  requested his witnesses but was denied.  He further asserts that Correctional Lieutenant McWilliams

5  falsified the disciplinary record when he wrote that "Burnett did not request the presence of

6  witnesses at this hearing."  In addition, he argues that he was denied the opportunity to present

7  documentary evidence at the hearing.   Respondent asserts that Petitioner received all the protections

8  due and was not denied the right to call witnesses or the opportunity to present documentary

9  evidence.

10    Under Wolff, Petitioner has the right to call witnesses and present documentary evidence in

11  his defense.  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).  The court of appeal held that there

12  is nothing in the record to show Petitioner requested witnesses or offered evidence other than his

13  own testimony.  (Lodgment 4.)

14    After a review of the record, the Court also finds that there is nothing in the record to show

15  that Petitioner requested witnesses at his hearing.  The final report by the correctional officer

16  indicates that Petitioner did not request any witnesses at the hearing.  (Lodgment 1 at 45.)  In the

17  traverse, Petitioner states that when he was saw that the hearing officer wrote that he did not request

18  the presence of witnesses at the hearing, he "immediately appealed."  (Traverse at 1.)  However, in

19  the record, there does not appear to be a 602 grievance about his denial to call witnesses.  After the

20  hearing, Petitioner filed several grievances on April 24, 2008, June 12, 2008,  July 11, 2008, and

21  July 14, 2008 concerning issues about the hearing.  (Am. Pet., Ex. A at 3; Ex. C. at 157; Ex. J at 165;

22  Ex. I at 178.)  However, none of the grievances concerned the denial of his request for witnesses at

23  the hearing.  Even in his administrative appeal of the hearing, Petitioner did not allege that his

24  request for witnesses was denied.  Therefore, there is nothing in the record to indicate that he was

25  denied the right to call witnesses.  In addition, statements of the three alleged witnesses were

26  presented as evidence at the hearing.  (Lodgment 1 at 45.)  Therefore, Petitioner has failed to show

27  that he was denied his request to call witnesses and there has been no showing of a due process

28  violation.  See Wolff, 418 U.S. 563-67.

1    Petitioner also summarily argues that he was denied the right to present documentary

2    evidence.  However, he fails to provide specific facts about what documentary evidence he was

3    going to present.  In addition, the record does not indicate that he made any requests to present

4    documentary evidence at the hearing.  Accordingly, Petitioner has failed to demonstrate that he was

5    denied the right to present documentary evidence.

6        Accordingly, the state court's decision was not contrary to, and did not involve an

7    unreasonable application of, clearly established federal law, as determined by the Supreme Court.

8    See 28 U.S.C. § 2254.  The Court RECOMMENDS that the claim that he was denied witnesses and

9    denied the right to present documentary evidence at the hearing be DENIED.

10   **D.      Lack of Notice Regarding Showering in the Yard**

11       Petitioner claims that he did not know that showering was prohibited on the yard and that he

12   should not be punished for a rule for which there was no notice and cites to California administrative

13   law.  Respondent argues that claims pertaining to his being disciplined for showering do not have

14   merit because he was not disciplined for showering in an unauthorized area but for indecent

15   exposure.

16       The court of appeal did not provide a reasoned decision on Petitioner's claim regarding the

17   lack of notice.  Accordingly, "[f]ederal habeas review is not *de novo* . . . but an independent review

18   of the record is required to determine whether the state court clearly erred in its application of

19   controlling federal law."  Delgado, 223 F.3d at 982.

20       The Court agrees with Respondent.  Petitioner was not disciplined for showering in an

21   unauthorized area but he was found guilty of indecent exposure without masturbation.  In addition,

22   Petitioner again relies on California law which cannot be a basis for relief in a federal habeas

23   petition.  See Estelle, 502 U.S. at 67.  Therefore, the claim that Petitioner had no notice about the

24   unauthorized showering at the misters is not only without merit but not cognizable on federal habeas

25   reivew.  The Court concludes that the state court did not clearly err in its application of controlling

26   federal law and RECOMMENDS that the claim be denied.

27   **E.      Remaining Arguments**

28

1    Petitioner also presents several summary allegations without any factual support.  First, he

2  argues that he was trying to follow the regulations to keep clean personal hygiene; that there was an

3  alleged discrepancy between his RVR and the order placing him in administrative segregation; that

4  he cannot be written up on charges for indecent exposure just for taking a shower; that his equal

5  protection rights were violated because other inmates shower on the yard daily and Petitioner was

6  singled out for a RVR for taking a shower on the yard; that the RVR was falsified; that there was not

7  a preponderance of evidence to support the charge; that there were issues as to the conduct of

8  Correctional Sergeant Rico who wrote the RVR; and that Centinela State Prison limited what he

9  could appeal relating to his RVR

10    The Court concludes that these arguments are conclusory without factual support and do not

11  warrant habeas relief.  See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("[c]onclusory allegations

12  which are not supported by a statement of specific facts do not warrant habeas relief.") Second, none

13  of these claims were alleged to arise under federal law and since these claims are based on state law,

14  they are not cognizable on federal habeas review.  See Estelle, 502 U.S. at 67.  Accordingly, the

15  Court RECOMMENDS that the remaining conclusory, state based claims be DENIED.

16                                          **Conclusion**

17    Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the

18  petition for writ of habeas corpus be **DENIED** and **DISMISSED**.  This report and recommendation

19  is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this

20  case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

21    **IT IS ORDERED** that no later than **October 22, 2010**, any party to this action may file

22  written objections with the Court and serve a copy on all parties.  The document should be captioned

23  "Objections to Report and Recommendation."

24    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

25  and served on all parties no later than **November 12, 2010**. The parties are advised that failure to file

26  objections within the specified time may waive the right to raise those objections on appeal of the

27  //

28  //

1    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3    IT IS SO ORDERED.

4

5    DATED:  September 21, 2010

6    _____
     Hon. Anthony J. Battaglia
7    U.S. Magistrate Judge
     United States District Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28